UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY E. TOMBS, | No. 2:13-cv-1341 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| RON RACKLY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4  <u>Screening Standards</u>
5       The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
10      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
12 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
16 Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir.
17 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
18 meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at
19 1227.
20      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
21 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>
23 <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
24 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
25 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
26 sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550 U.S. at 555.
27 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
28 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Erickson v.</u>

2

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Application

Plaintiff did not set forth a complete list of the defendants at the beginning of the complaint, but it appears that he names at least 24 individuals.  Review of plaintiff's complaint is also made difficult by plaintiff's inclusion of every slight against him, including facts and allegations not relevant to cognizable civil rights claims.

   1.  Warden Rackly

Plaintiff names Ron Rackly, Warden of Deuel Vocational Institution, as a defendant.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant

3

1  holds a supervisorial position, the causal link between him and the claimed constitutional
2  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)
3  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d
4  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.
5  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of
6  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673
7  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal
8  participation is insufficient).

9  In the instant complaint, plaintiff includes no charging allegations as to Warden Rackly.
10 Plaintiff is advised that he must include factual allegations supporting an alleged violation of a
11 constitutional right as to every individual named in an amended complaint.  Moreover, in the
12 amended complaint plaintiff may not rely on Warden Rackley's supervisory role; plaintiff must
13 allege specific facts demonstrating a link or connection between Warden Rackley and the
14 constitutional violation alleged.

15     2.   Verbal Abuse

16 Plaintiff contends that many of the defendants verbally abused plaintiff or said things to
17 plaintiff that he didn't like.  Plaintiff is advised that verbal abuse and threats, without more, are
18 not sufficient to state a constitutional deprivation under § 1983.  Freeman v. Arpaio, 125 F.3d 732
19 (9th Cir. 1997) (abusive language directed at prisoner's religious and ethnic background not
20 actionable), overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th
21 Cir. 2008); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir.
22 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth
23 Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute
24 constitutional wrong, nor do allegations that naked threat was for purpose of denying access to
25 courts compel contrary result); Burton v. Livingston, 791 F.2d 97, 99, 101 n.1 (8th Cir. 1986)
26 (use of racial slurs in prison does not offend Constitution).  Plaintiff's claims that individual
27 defendants verbally abused plaintiff are not cognizable and should not be included in any
28 amended complaint.

4

### 3. Mail Tampering

Plaintiff claims defendant Boyd abused plaintiff's "mail rights" and tampered with plaintiff's mail because defendant Boyd sent plaintiff a notice that the envelope was damaged and that plaintiff would have to provide another envelope to send plaintiff's letter. (ECF No. 1 at 3.)

Prisoners enjoy a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Nonetheless, prison officials may institute procedures for inspecting legal mail, which includes mail sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974), and mail sent from prisoners to the courts, see Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986). While the deliberate delay of legal mail which adversely affects legal proceedings presents a cognizable claim for denial of access to the courts, see Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir. 1986), isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir. 1975); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974).

Plaintiff's allegation as to defendant Boyd is factually insufficient and based on one isolated incident, and thus fails to rise to the level of a constitutional violation. Later in the complaint, plaintiff lists ten defendants, including defendant Boyd, next to the phrase "tampered with U.S. mail and legal mail." (ECF No. 1 at 6.) However, plaintiff provides no factual support for this vague and conclusory reference to mail tampering.

### 4. Sexual Harassment

Plaintiff alleges that during a search defendant MacDouell shoved his hand down plaintiff's wheelchair, and when plaintiff leaned forward, defendant MacDouell shoved his hand up under plaintiff's buttocks. Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. "Even if plaintiff believed that there was a sexual aspect to the search, more is needed." Smith v. Los Angeles County, 2010 WL 2569232, *5 (C.D. Cal. 2010); adopted by 2010 WL 2572570 (C.D. Cal. 2010); aff'd, 452 Fed.

5

1    Appx. 768 (9th Cir. 2011) (pretrial detainee failed to state Fourteenth Amendment due process

2    claim, or Fourth Amendment unreasonable search claim, based on plaintiff's allegations that

3    defendant correctional officer, pursuant to a search and without sexual comment, pulled

4    plaintiff's boxers to look at his buttocks, inserted his hand "karate chop" style, into "the cavity of

5    my buttocks . . . until it passed between my legs and reached under and around until he cupped by

6    genitals," id. at *4); Osterloth v. Hopwood, 2006 WL 3337505, *6, *7 (D. Mont. 2006)

7    (dismissing Eighth Amendment claim challenging as sexually abusive an officer's search of

8    plaintiff that allegedly included the officer reaching between plaintiff's legs, grabbing his scrotum

9    and penis, and sliding his hand between plaintiff's buttocks, wherein plaintiff stated to the officer,

10   "that was pretty much sexual assault," and officer responded, "yah pretty much."). Thus,

11   plaintiff's allegation as to defendant MacDouell fails to state a cognizable civil rights violation.

12        Plaintiff also lists defendants Holy, MacDouell, Castellon and Frazer under the phrase

13   "sexual harassment and abuse," and states "all these officials did a[n] act on me that was cruel

14   and uncalled for." (ECF No. 1 at 6.) This allegation is too vague and conclusory and is

15   unsupported by sufficient factual allegations for the court to determine whether plaintiff could

16   state a cognizable civil rights claim against these defendants.

17        5.   Medical Care

18        Plaintiff sets forth two allegations related to medical care. First, plaintiff states: "Eye

19   Doctor J. Milehill 3 pair of glasses that was being abuse [sic] on glasses[.] I ended up with two

20   pair[.] Three times I seen [sic] this person for glasses." (ECF No. 1 at 3.) Second, plaintiff

21   alleges that after calling man down, plaintiff presented at clinic with chest pain, and Nurse Moses

22   and Officer Eastlawn were making jokes, and Nurse Moses did not put plaintiff on an EKG to see

23   if something was wrong. (ECF No. 1 at 4.) However, when plaintiff reported this to Dr.

24   Daniells, plaintiff was placed on an EKG. (Id.)

25        To state a section 1983 claim for a constitutional violation based on inadequate medical

26   care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

27   indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail,

28   plaintiff must show both that his medical needs were objectively serious, and that defendant

possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992).

Plaintiff's allegations as to defendants Milehill and Moses fail to demonstrate deliberate indifference. It appears plaintiff was provided two pair of eyeglasses, and was provided an EKG by Dr. Daniells. Plaintiff fails to demonstrate that these defendants Milehill and Moses were deliberately indifferent to plaintiff's serious medical needs, or that plaintiff suffered any harm from their alleged acts or omissions.

6. Appeals Process

While not entirely clear, it appears that plaintiff alleges that defendant Hernandez improperly processed plaintiff's administrative appeal. However, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Walker v. Vazquez, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment). Thus, plaintiff's allegation as to defendant Hernandez fails to state a cognizable civil rights claim.

7. Americans with Disabilities Act ("ADA")

Finally, plaintiff raises vague and conclusory allegations against multiple defendants concerning the discontinuation of plaintiff's wheelchair accommodation, repeatedly citing the ADA. (ECF No. 1 at 5.) Specifically, plaintiff alleges defendant Dr. Safi discontinued plaintiff's wheelchair chrono. (ECF No. 1 at 4.)

////

////

The ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. To state a cognizable claim under the ADA a plaintiff must allege and ultimately prove that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); see also Marsh v. Vegianelli, 2011 WL 1584444 (E.D. Cal. April 26, 2011) ("[I]n order to state a claim under the ADA . . . , plaintiff must have been 'improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap.' ") (citing Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997)). Therefore, if plaintiff wishes to pursue an ADA claim, in any amended complaint he elects to file he must allege facts addressing each of these elements for an ADA claim. In addition, the proper defendant in an ADA action is a public entity, such as the California Department of Corrections and Rehabilitation. Individual defendants who evaluated or processed his appeals, or are policy-makers, are not a public entity and are not a proper party under the ADA. Vinson v. Thomas, 288 F.3d 1145, 1155-56 (9th Cir. 2002).

Moreover, an action under the ADA does not lie for medical treatment decisions. Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005); Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1144 (10th Cir. 2005); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996).

Liberally construing plaintiff's allegations, it appears that plaintiff contends his medical condition requires him to be provided with a wheelchair, and despite the fact that plaintiff was previously provided a wheelchair chrono, defendant Dr. Safi wrongfully discontinued plaintiff's wheelchair chrono. Such an allegation is more appropriately raised as an Eighth Amendment violation rather than an ADA violation because it appears the wheelchair was provided as part of plaintiff's medical treatment.

Amended Complaint

In conclusion, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Rule 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits.

The controlling principle appears in Fed. R. Civ. P. 18(a):

> 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

"action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 30, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tomb1026.14

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY E. TOMBS,<br><br>    Plaintiff,<br><br>  v.<br><br>RON RACKLY, et al.,<br><br>    Defendants. | No.  2:13-cv-1341 JAM KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____     Amended Complaint

_____
_____
Plaintiff